UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMIRO BOCANEGRA HURTADO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 2:26-cv-02787-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. ORDER

Petitioner Ramiro Bocanegra Hurtado, a citizen of Mexico, first entered the United States in 1999. Dkt. 10 ¶ 6. He was apprehended by government officials and voluntarily returned to Mexico. *Id*. In March 2007, he was removed again after having re-entered in March 2000. *Id*. ¶¶ 7–8. In April 2007, he re-entered and again was removed that December. *Id*. ¶¶ 12–14. On June 12, 2026, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner near Steilacoom, Washington, and transferred him to the Northwest ICE Processing Center in Tacoma where he remains detained under 8 U.S.C. § 1231(a). *Id.* ¶¶ 16–18. ICE reinstated the 2007 order of removal and an Immigration Judge ("IJ") rejected Petitioner's claim of reasonable fear of returning to Mexico on July 22, leaving Petitioner with no more options in immigration court to fight his removal. *Id*. ¶¶ 19–22.

On August 5, Petitioner filed this petition for a writ of habeas corpus, contending that his procedural due process rights were violated when ICE arrested him without notice and a hearing. Dkt. 1 ¶¶ 34–38. Petitioner does not challenge the length of his current confinement nor the statutory basis on which it rests. As he puts it: “The claim advanced here is not that Petitioner’s detention has grown unreasonably prolonged. It is that the manner in which Respondents deprived him of his liberty, without notice and without any hearing before a neutral decisionmaker, offended the Fifth Amendment at the outset.” Dkt. 1 ¶ 47.

On August 20, Respondents filed their response, arguing that Petitioner’s due process challenge to his arrest is unsupported by authority. Dkt. 9 at 7. Respondents distinguish the cases cited by Petitioner as applying to situations involving the re-detention of noncitizens who had previously been detained by immigration officials and then subsequently released. *Id*.

The Court agrees that Petitioner has not cited any relevant authority for his proposition that due process requires notice and a hearing before a noncitizen with a valid prior order of removal is arrested and detained. The Supreme Court examined the post-removal statutory scheme in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and did not suggest any constitutional infirmity with the mandatory 90-day post-removal detention period: “After entry of a final removal order and during the 90-day removal period . . . aliens must be held in custody.” *Id*. at 683; *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) (“Just as the period of detention under § 1226(c) passed constitutional scrutiny in *Kim*, the period of detention under § 1231(a)(2) also passes constitutional scrutiny.”). Petitioner’s argument that he must have an individualized custody determination or notice and a hearing before this period of mandatory detention is foreclosed by Supreme Court and Ninth Circuit precedent.

For the reasons explained above, the Court ORDERS as follows:

1. Petitioner’s petition for a writ of habeas corpus (Dkt. 5) is DENIED.

2. Petitioner's motion for a temporary restraining order (Dkt. 14) is DENIED as moot.

Dated this 27th day of August, 2026.

Tiffany M. Cartwright
United States District Judge